IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MARKEL INSURANCE COMPANY, )
)
Plaintiff, )
)
v. ) CIVIL ACTION FILE NO. ____________
)
RAY DEE CONLEY, JASON GOLDEN and SLATE CONSULTING, LLC, )
)
Defendants. )

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Markel Insurance Company ("MIC") for its Complaint for Declaratory Judgment against Defendants Ray Dee Conley ("Conley"), Jason Golden ("Golden") and Slate Consulting ("Slate") (collectively, the "Defendants") alleges as follows:

1.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between MIC and Golden and Slate arising out of a professional liability insurance policy issued by MIC to Slate. MIC seeks a declaration that its duty to defend and indemnify Slate in connection with the underlying lawsuit filed against Golden and Slate by Conley is limited to $100,000.

**PARTIES**

2.

MIC is an Illinois corporation with its principal place of business in Virginia. MIC is duly authorized to conduct business in the State of Georgia.

3.

Defendant Conley is a citizen of the State of Georgia residing in Decatur County.

4.

On information and belief, Defendant Jason Golden is a citizen of the State of Georgia residing in Brooks County and can be served with process at 2983 U.S. Highway 84, Dixie, Georgia 31629.

5.

Defendant Slate Consulting LLC is a limited liability company organized in the State of Georgia with its principal place of business at 2983 U.S. Highway 84, Dixie, Georgia, 31629. On information and belief, the sole member of Slate is Jason Golden, who, on information and belief, is a citizen of the State of Georgia. Slate can be served through its registered agent, Ronald Bruce Warren, located at 809 South Broad Street, Thomasville, Georgia 31792.

**JURISDICTION & VENUE**

6.

There is complete diversity between MIC and the Defendants.

7.

The amount in controversy exceeds $75,000, exclusive of interest and costs because Conley has alleged that he has suffered compensatory damages in excess of $10,152,250. Additionally, Conley has offered to settle his claims for $1,100,000, which Conley asserts is the policy limit of the MIC policy which is at issue in this action.

8.

Thus, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a).

9.

This Court has personal jurisdiction over the Defendants because they are all citizens of the State of Georgia.

10.

Venue is proper in the Middle District of Georgia, Albany Division pursuant to 28 U.S.C. § 1391(b)(1) because all of the Defendants reside in the State of Georgia and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the subject claim occurred in Decatur County, Georgia, which is part of the Albany Division of the Middle Judicial District of Georgia.

11.

This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists between MIC and Conley, Golden and Slate involving whether the subject insurance policy's applicable limit is $100,000 or $1,000,000 for Conley's claims against Golden and Slate in the underlying lawsuit.

**FACTS**

12.

On September 20, 2022, Conley filed a lawsuit styled *Ray Dee Conley v. Jason Golden and Slate Consulting, LLC*, in the Superior Court of Decatur County, Civil Action File No. 22CV00261 (the "Underlying Lawsuit"). A true and correct copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit A.

13.

The Underlying Lawsuit alleges that, in 2020, Conley began development of an orange and grapefruit grove on Conley's farm in Decatur County, Georgia. (Ex. A ¶ 8.)

14.

The Underlying Lawsuit alleges that Slate retained Golden to provide agricultural consulting services and monthly scouting services (the "Services") to Conley in connection with the citrus grove on Conley's farm. (*Id.* at ¶ 11, 14-15.)

15.

The Underlying Lawsuit alleges that, by May 2020, Conley's citrus grove was infected by "Citrus Canker". (*Id.* at ¶ 16.)

16.

"Citrus Canker" is a bacterial disease of citrus that causes lesions on the leaves, twigs, and fruits.

17.

The Underlying Lawsuit alleges that Golden and Slate negligently performed the Services by failing to properly and diligently scout Conley's farm and failing to take reasonable measures to both detect Citrus Canker and protect Conley's citrus grove from the Citrus Canker infection. (*Id.* at ¶ 20.)

18.

The Underlying Lawsuit alleges that Golden's and Slate's professional negligence was the substantial and primary factor in causing Conley to sustain damages. (*Id.* at ¶ 21.)

19.

The Underlying Lawsuit alleges that, as a result of Golden's and Slate's negligent acts and omissions, Conley will be required to replant the entire orange grove, which is estimated to cost $1,245,000. (*Id.* at ¶ 21-22.)

20.

The Underlying Lawsuit alleges that, as a result of Golden's and Slate's negligent acts and omissions, Conley is projected to sustain loss income in an aggregate amount of $8,907,250. (*Id.* at ¶ 21, 23-24.)

21.

MIC is participating in Slate's defense in the Underlying Lawsuit pursuant to a full reservation of rights.

## THE MARKEL POLICY

22.

MIC issued to Slate Consulting policy number MEO1290-03 for the policy period July 19, 2021 to July 19, 2022 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit B.

23.

The Policy is subject to a Professional Liability Insurance Coverage Form.

24.

The Policy's insuring agreement for Professional Liability Coverage provides, in pertinent part, as follows:

**SECTION II - INSURING AGREEMENTS**

**A. Professional Liability Coverage**

The Company shall pay on behalf of the **Insured** all sums in excess of the Deductible stated in the Declarations, which the Insured becomes legally obligated to pay as **Damages** and **Claim Expenses** as a result of a **Claim** first made against the **Insured** and reported to the Company during the **Policy Period** or during the Extended Reporting Period, if applicable, but no later than 60 days after the expiration date of the Policy Period or Extended Reporting Period, if applicable, by reason of:

**1.** A **Wrongful Act**; or

**2.** A **Personal Injury**;

in the performance of **Professional Services** rendered or that should have been rendered by the **Insured** or by any person or organization for whose **Wrongful Act** or **Personal Injury** the **Insured** is legally responsible;

* * * *

(Ex. B, MST 0001 07 17 p. 1)

25.

The Policy's limits for Professional Liability Coverage are $1,000,000 Each Claim, $1,000,000 Policy Aggregate. (*Id.* at MDST 1000 07 17 p. 1.)

26.

The Policy's insuring agreement for Additional Payments coverage provides, in pertinent part, as follows:

**B. Additional Payments**

**1. Contingent Bodily Injury And Property Damage**

The Company shall pay **Contingent Bodily Injury And Property Damage** up to a limit of $100,000, or a higher limit if stated in the Declarations, per **Policy Period** including the Extended Reporting Period, if applicable, as the direct result of **Wrongful Acts** that occur during the **Policy Period**

* * * *

No coverage for **Contingent Bodily Injury And Property Damage** is provided by this Policy except as provided by this Section **II** – Insuring Agreements, **B**. Additional Payments, **1**. Contingent Bodily Injury And Property Damage.

(*Id.* at MST 0001 07 17 p. 2.)

27.

The Policy contains, in pertinent part, the following exclusion:

**SECTION IV – EXCLUSIONS**

This Policy does not apply to any **Claim**, Additional Payment or Supplementary

Payment:

* * *

**C.** Based upon, arising out of, or in any way involving:

* * *

**10.** Any actual or alleged **Bodily Injury** or **Property Damage**; however, this exclusion will not apply to coverage provided under Section **II** – Insuring Agreements, **B.** Additional Payments, **1**. Contingent Bodily Injury And Property Damage;

* * * *

(*Id.* at MST 0001 07 17 pp. 8-10.)

28.

The limit of insurance shown in the Professional Liability Insurance Declarations for Additional Payments coverage for Contingent Bodily Injury and Property Damage is $100,000 (the $100,000 Sublimit"). (*Id.* at MDST 1000 07 17 p. 1.)

29.

The Policy contains the following relevant condition:

**SECTION VI – LIMITS OF LIABILITY, DEDUCTIBLES AND INTERRELATED WRONGFUL ACTS**

**A. Limits Of Liability**

**1. Each Claim**

The liability of the Company for the combined total of **Damages** and **Claim Expenses** for each **Claim** first made and reported against the **Insured** during the **Policy Period** or the Extended Reporting Period, if applicable, will not exceed the Each Claim Limit of Liability stated in the Declarations.

* * * *

(*Id.* at MST 0001 07 17 p. 11.)

30.

The Policy contains the following relevant definitions:

**SECTION III – DEFINITIONS**

* * * *

D. **Claim Expenses** means reasonable and necessary amounts incurred by the Company, or by the **Insured** with the prior written consent of the Company, in the defense of that portion of any **Claim** for which coverage is afforded under this Policy, including costs of investigation, court costs, costs of bonds to release attachments and similar bonds, but without any obligation of the Company to apply for or furnish any such bonds, and costs of appeals

* * * *

E. **Contingent Bodily Injury And Property Damage** means any actual or alleged **Bodily Injury** or **Property Damage** based upon or arising out of any **Wrongful Act** of the **Insured** in the performance of **Professional Services**.

F. **Damages** means the monetary portion of any judgment, award or settlement, including punitive or exemplary damages to the extent insurable by law

* * * *

W. **Property Damage** means physical injury to, destruction of or contamination of tangible or intangible property, including all resulting loss of use of that property.

* * * *

(*Id.* at MST 0001 07 17 pp. 4-7.)

**<u>CAUSE OF ACTION</u>**
**(Declaratory Relief)**

31.

MIC hereby incorporates by reference all allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32.

MIC's duty to defend and indemnify Slate for any damages, losses, claims, costs, or expenses arising out of or related to the claims asserted in the Underlying Lawsuit is limited to $100,000, inclusive of "Damages" and "Claim Expenses", for the following reasons:

(a) The Policy's exclusion contained in Section IV, C, 10 bars defense and indemnity coverage for the Underlying Lawsuit under Professional Liability Coverage because the Underlying Lawsuit asserts claims based upon, arising out of and

involving "Property Damage";

(b) The Additional Payments coverage for Contingent Bodily Injury and Property Damage provides defense and indemnity coverage for the Underlying Lawsuit because the Underlying Lawsuit seeks recovery for "Property Damage"; and

(c) The $100,000 Sublimit applies to the Additional Payments coverage for Contingent Bodily Injury and Property Damage, which is inclusive of all "Damages" and "Claim Expenses" under the Policy.

33.

Therefore, MIC seeks a declaration that its duty to defend and indemnify Slate for the Underlying Lawsuit is limited to $100,000, inclusive of "Damages" and "Claim Expenses" under the Policy.

34.

WHEREFORE, MIC demands judgment as follows:

A. For a declaration that MIC's duty to defend and indemnify Slate or otherwise pay for any damages, losses, claims, costs or expenses arising out of the claims asserted against Slate by Conley in the Underlying Lawsuit is limited to $100,000;

B. For a declaration that MIC will not have any duty to defend and indemnify Slate for the Underlying Lawsuit once the $100,000 Sublimit is exhausted by the payment of "Damages" and/or "Claim Expenses" under the Policy;

C. That the judgment be binding on Conley and Golden;

D. For the cost of this suit; and

E. For such other and proper relief as this Court may deem just and proper.

Dated this 4th day of December, 2023.

*/s/ Seth Friedman*
Seth Friedman
Georgia Bar No. 141501
Christopher Meeks
Georgia Bar No. 371020
*Attorneys for Plaintiff Markel Insurance Company*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Seth.Friedman@lewisbrisbois.com
Christopher.Meeks@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I have served the foregoing ***Complaint for Declaratory Judgment*** upon all parties to this matter via First Class U.S. Mail as follows:

David A. Kendrick
Kendrick Law Firm LLC
415 S. West Street
Bainbridge, GA 39818

Dated, this 4th day of December, 2023.

*/s/ Seth Friedman*
Seth Friedman
Georgia Bar No. 141501
Christopher Meeks
Georgia Bar No. 371020
*Attorneys for Plaintiff Markel Insurance Company*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Seth.Friedman@lewisbrisbois.com
Christopher.Meeks@lewisbrisbois.com